UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BAKERY CONFECTIONERY TOBACCO WORKERS
AND GRAIN MILLERS INTERNATIONAL UNION,
LOCAL 116, AFL-CIO, CLC,

                                      Plaintiff,

                                                                                       DECISION AND ORDER

                                                                                       13-CV-6578L

                                v.

WEGMANS FOOD MARKETS, INC.,

                                      Defendant.
_____

Plaintiff, Bakery, Confectionary, Tobacco Workers and Grain Millers International Union, Local 116, AFL-CIO, CLC (the "Union") brings this action under Section 301 (a) of the Labor Management Relations Act, 29 U.S.C. §185(a) ("LMRA") against Wegmans Food Markets ("Wegmans"). The Union seeks to compel arbitration against Wegmans pursuant to the terms of a collective bargaining agreement that was in effect between Wegmans and Union from June 1, 2013 through March 31, 2015 (the "CBA"). Wegmans now moves for summary judgment dismissing the action (Dkt. #10) and the Union cross moves for summary judgment (Dkt. #14) compelling arbitration. For the reasons that follow, Wegmans' motion is granted, the Union's motion is denied, and the complaint is dismissed.

**FACTS**

The Union provides representation to certain Wegmans employees employed in Wegmans Bake Shop, including former Wegmans employee Derrick McCullough ("McCullough"), on behalf of whom the Union now seeks to compel arbitration of a grievance.

The CBA contains a grievance and arbitration procedure that specifically excludes from arbitration a number of categories of disciplinary action taken against members of the Union's bargaining unit. As relevant here, Article 23 of the CBA provides that:

> Violations of any of the following Company work rules are not in any way subject to arbitration, as the Company's decision is final: (1) All forms of theft. This means in all cases whether the employee is on or off duty. This also means theft at any Company location, whether the employee works there or not…

(Dkt. #10-3., Exh. C at 12).

On June 12, 2013, Wegmans employee LaVerne Worth ("Worth") reported that a key, belonging to Wegmans and used to operate a floor sweeping machine, and the attached key ring, which belonged to her and was of great sentimental value to her, had been taken from the floor machine she was using while she was distracted with another task. Worth was unable to locate them upon returning to the machine.

Wegmans investigated the matter by interviewing employees who had been working nearby, and by reviewing surveillance footage of the area. The footage appeared to show (and it is now undisputed) that during the time Worth stepped away from the machine, McCullough walked over to it, removed the key and key ring, and walked away.

After reviewing the footage, Wegmans questioned McCullough in the presence of his Union representative. McCullough, who testified that he "got the sense from [Wegmans Human Resources] that HR was taking the matter seriously [and so] was afraid that [he] would be disciplined," lied and denied that he had taken the items. (Dkt. #14-7 at ¶14). Based on the video evidence that McCullough had taken the key and key chain, McCullough's false denial that he had done so, and the fact that the key and key chain could not be located, Wegmans determined that McCullough had engaged in theft, and terminated his employment on that basis.

The Union grieved McCullough's termination, arguing that it was unjust. Wegmans denied the grievance, and the Union demanded arbitration. Wegmans declined to arbitrate, citing the exclusionary language of the CBA, which provided that issues concerning discipline taken against an employee for "theft" were not arbitrable. The Union now brings the instant action seeking to compel arbitration, on the grounds that McCullough's grievance is arbitrable as a claim of "unjust" termination and is not barred by the exclusion for Company decisions concerning "theft," because the exclusion is ambiguous and/or because McCullough's actions were simply a good-natured practical joke and do not satisfy the definition of theft.

## DISCUSSION

**I.    Summary Judgment**

Summary judgment will be granted if the record demonstrates that Athere is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

**II.   The CBA's Exclusionary Clause**

It is well settled that parties to a CBA can only be compelled to arbitrate matters to which they've agreed in the CBA, and that matters specifically excluded by the parties from arbitration need not be arbitrated. *See e.g.*, *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 648 (1986); *Communications Workers of Am., AFL-CIO v. N.Y. Tel. Co.*, 209 F. Supp. 389, 390 (S.D.N.Y. 1962) (court cannot compel arbitration of a grievance where the parties agreed to an "express provision excluding [that] particular grievance from arbitration…"). Whether the CBA provides for arbitration of a particular subject is a matter of law for the court to decide, as a matter of contract interpretation. *See id., AT&T Technologies, Inc.*, 475 U.S. 643 at 649. However, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *David L. Threlkeld & Co. v. Metallgesellschaft Ltd.*, 923 F.2d 245, 248 (2d Cir. 1991).

Initially, I reject the Union's argument that the exclusionary clause at issue is ambiguous

because it does not define "theft" or specify a "work rule" concerning it.  Mindful that "we cannot close our eyes to the plain meaning of the words used," *Communications Workers of Am.*, 327 F.2d 94, 97 (2d Cir. 1964), and recognizing that the term "theft" is commonly and uniformly understood to mean the unauthorized taking of another's property without the intention of returning it, I find that the exclusion is clear on its face, and that no special definition for "theft" is required to render it unambiguous.  *See e.g.*, the Merriam-Webster Dictionary (defining "theft" as the "act or crime of stealing," and defining "stealing" as the taking of "something that does not belong to you . . . without asking for permission," or in a way that is "wrong" or "illegal"),www.merriam-webster.com/dictionary (visited November 20, 2014).  Furthermore, while the exclusion may not specify a particular work rule against theft, such conduct is clearly prohibited by Wegmans' written work rules and Employee Handbook prohibiting "all forms of dishonesty."  It is undisputed that the work rules and Employee Handbook have been maintained by Wegmans and distributed to its employees on a regular basis at all times relevant to this action.  (Dkt. #17-3, Exhs. B and C).

 Granting the exclusion its plain and unambiguous meaning, there can be no serious question that the subject matter of the grievance at issue is excluded from arbitration.  McCullough was terminated for "[a] form[] of theft," and not for some other reason outside the ambit of the exclusionary clause.  (Dkt. #10-3., Exh. C at 12).  The Union argues at length that Wegmans should not be permitted to circumvent the CBA's arbitration provisions simply by invoking the word "theft" in connection with employee discipline, regardless of the actual nature of the employee's conduct.  While the Court does not necessarily disagree with that proposition, it is not on point with the undisputed facts before the Court, because Wegmans' characterization of McCullough's conduct as theft in no way strained the customary definition of that term.

Initially, the Court is mindful that it need not, and cannot, decide the merits of the underlying grievance concerning whether McCullough's termination was "just": "[w]hen the judiciary undertakes to determine the merits of a grievance under the guise of interpreting the grievance procedure of collective bargaining agreements, it usurps a function which under that regime is

entrusted to the arbitration tribunal." *United Steelworkers of America v. American Mfg. Co.*, 363 U.S. 564, 569 (1960).  As such, courts "should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting [an] arbitration clause." *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 585 (1960).

However, to the extent that the Union argues that the exclusionary clause is inapplicable because McCullough's undisputed conduct could not have been accurately described as theft, the Court disagrees.  There is no evidence whatsoever that Wegmans' termination of McCullough and subsequent refusal to arbitrate his grievance misconstrued either the facts before it or the scope of the exclusion, regardless of McCullough's post-termination efforts to explain his underlying conduct as a practical joke gone awry.

This is not a case where, for example, Wegmans terminated an employee for excessive tardiness, but then declined to arbitrate a resulting grievance by wrongfully reclassifying (or misclassifying) the grounds for termination as theft.  Under the facts and evidence that were before Wegmans at the time of McCullough's termination, Wegmans' characterization of McCullough's conduct as theft was well within the ordinary meaning of the term, and therefore well within the exclusion at issue.  Those facts and evidence included a video recording showing McCullough physically taking the items, McCullough's undisputed lack of authority or permission to take them, his demonstrably false denial that he had taken the items and/or refusal to provide any explanation for his conduct, and the fact that the items were never located or returned to their owners by McCullough or anyone else.  While McCullough has now come forth with testimony that he lacked the requisite *mens rea* for theft, that evidence is irrelevant, as it was not before Wegmans at the time of his termination and could not have informed the "Company decision" to terminate his employment.

I have considered the remainder of the Union's arguments, and find them to be without merit.

CONCLUSION

For the foregoing reasons, I find that based on the clear and unambiguous language of the governing collective bargaining agreement, Wegmans' termination of McCullough's employment is not subject to arbitration.  Wegmans' motion for summary judgment (Dkt. #10) is granted, plaintiff's cross motion for summary judgment (Dkt. #14) is denied, and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 4, 2014.